MASELLI, MILLS & FORNAL, P.C.
By: Philip Galanaugh, Esquire
Attorney ID #467222024
400 Alexander Park Drive, Suite 101
Princeton, New Jersey 08540
(609) 452-8411
Attorneys for Huntington National Bank, successor-in-interest by merger to Cadence Bank, successor-in-interest by merger to First Chatham Bank

|  |  |
|---|---|
| In re:<br><br>JOHN CABARCAS and DAWN MARIE CABARCAS,<br><br>        Debtors. | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>Case Number: 25-23257-MBK<br><br>**OBJECTION TO CONFIRMATION** |

Huntington National Bank (the "Bank"), successor-in-interest by merger and acquisition to Cadence Bank, successor-in-interest by merger and acquisition of First Chatham Bank, by and through its attorneys Maselli, Mills & Fornal, P.C., hereby provides an objection to confirmation of the Chapter 13 Plan on the following grounds:

**FACTUAL & PROCEDURAL BACKGROUND**

1.      On May 21, 2021, John Cabarcas and Express-It, Co. (collectively, the "Borrowers") executed and delivered to the Bank a U.S. Small Business Administration Note (the "Note"), to evidence a loan (the "SBA Loan") in the amount of Six Hundred Forty Thousand Seven Hundred and 00/100 Dollars ($640,700.00), with variable interest accruing at the prime rate published in the Wall Street Journal, plus 2.75%, with initial monthly principal and interest of $7,113.08, and with the entire balance of principal, costs and fees due ten (10) years from the date of the Note.

2.      On May 21, 2021, Dawn Marie Cabarcas (hereinafter the "Guarantor" and collectively with John Cabarcas, the "Debtors") executed and delivered to the Bank an

Unconditional Limited Guarantee (the "Guarantee") and thereby personally and unconditionally guaranteed the Borrowers' payment of the full amount of the indebtedness of the SBA Loan and full performance of the Borrowers' obligations under the Note.

3.      On May 21, 2021, to secure the obligation evidenced by the SBA Loan, the Debtors executed and delivered to the Bank a Mortgage (the "Mortgage") on property commonly known as 8 Azalea Lane, Somerset, New Jersey 08873 (the Mortgaged Property").

4.      The Mortgage was a second mortgage on the Mortgaged Property and was recorded June 2, 2021 in the office of the Somerset County Clerk in Book 7349, Page 817.

5.      Express-It, Co. closed in October 2023 and the Borrowers ceased making payments to the Bank on the SBA Loan.

6.      On January 25, 2024, the Bank filed a mortgage foreclosure action (the "Foreclosure") to enforce its rights in the Mortgage.

7.      On January 21, 2025, the Court entered a Final Judgment in favor of the Bank and against the Foreclosure Defendants in the amount of $613,807.59 together with interest at 11.25% on the sum of $538,244.27 from December 2, 2024 to the date of judgment and lawful interest on the full judgment amount thereafter, together with costs of this suit to be taxed including a counsel fee of $6,288.07, and to be raised and paid in the first place out of the Mortgaged Property.

8.      A sheriff sale for the Mortgaged Property was initially scheduled for April 29, 2025 and adjourned by the Debtors until June 24, 2025.

9.      On June 19, 2025, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "First Bankruptcy").

10.     On October 8, 2025, the Court entered a Chapter 13 Standing Trustee Pre-

Confirmation Order of Dismissal, dismissing the First Bankruptcy for the Debtors' failure to, among other things, provide required documents to the Chapter 13 Trustee and generally prosecute the case.

11. A sheriff sale for the Mortgaged Property was then scheduled for December 16, 2025.

12. On December 15, 2025, the Debtors filed this petition for relief under Chapter 13 of the Bankruptcy Code.

13. On February 18, 2026, the Bank filed a motion seeking relief from the automatic stay to reschedule the sheriff sale of the Mortgaged Property. The hearing on the stay relief motion is scheduled for March 25, 2026.

14. The Debtor's currently proposed Chapter 13 Plan seeks to obtain a loan modification with the Bank within 90 days of confirmation or by further extension of the Court.

15. Moreover, the Debtors' currently proposed Chapter 13 plan proposes to only pay the Bank $400 per month, and $4,000.00 upon a loan modification, as proposed adequate protection.

16. After consider the proposed adequate protection payments to the Bank, the Debtors' Schedule J reflects monthly net income of $405.71 to be the amount collectively used for the Plan payments to all creditors, including but not limited to any amount necessary for the treatment of the Bank's claim.

17. According to a October 22, 2025 appraisal performed by the Bank, the Mortgaged Property is estimated to be at a value of $500,000.00 (the "Mortgaged Property Value").

18. The Debtors' Schedule D indicates that Chase Bank holds a first priority secured

claim in the Mortgaged Property in the amount of $126,545.11 (the "Chase Amount").

19.     The Debtors' Plan also indicates that the Debtors owe arrears on a mortgage to Nationstar.

20.     It is unclear whether the Debtors are reporting that Chase or Nationstar holds the first mortgage on the Mortgaged Property or if these are separate claims.

21.     Pursuant to the Bank's title search in the Foreclosure, there is only one senior mortgage, and the value of the Bank's secured claim on the Mortgaged Property is at least $373,454.89 to be paid through the Plan.

22.     The Bank holds a fully accelerated SBA Loan with a defunct business that is not subject to a loan modification or cure and maintain Chapter 13 plan.

23.     The SBA Standard Operating Procedures do not provide terms for a repayment period in excess of the sixty months of a Chapter 13 bankruptcy plan.

24.     The initial monthly payments due under the Note were in excess of $7,000.

25.     In order for the Debtors to pay the Bank's claim, without any other secured, administrative or priority claims, the Debtors would have to pay in excess of $6,000 per month through the Plan.

26.     The proposed monthly payments to the Bank of $4,000.00 do not provide sufficient treatment and payment of the Bank's claim and there is no realistic likelihood of a loan modification for an SBA loan that has been in liquidated status since October 2023 without any payments.

27.     The Plan is not proposed in good faith and does not provide sufficient repayment terms for the Bank's secured claim in violation of 11 U.S.C. §1325(a)(3).

28.     Based on the Debtors' Schedules I & J, the Plan is not feasible and the Debtors do not have sufficient income to pay the arrears to the first mortgage and the entire amount of the Bank's secured claim through the Plan in violation of 11 U.S.C. §1325(a)(5).

29.     The Debtors have simply not demonstrated any ability to make the required payments under the Plan in violation of in violation of 11 U.S.C. §1325(a)(6).

30.     For the foregoing reasons, the Bank respectfully requests that this Court deny confirmation of the Plan.

MASELLI, MILLS & FORNAL, P.C.
*Attorneys for Huntington National Bank*

Dated: March 18, 2026                    BY:     */s/ Philip Galanaugh*
                                                 PHILIP GALANAUGH