MASELLI, MILLS & FORNAL, P.C.
By: Philip Galanaugh, Esquire
Attorney ID #467222024
400 Alexander Park Drive, Suite 101
Princeton, New Jersey 08540
(609) 452-8411
Attorneys for Huntington National Bank, successor-in-interest by merger to Cadence Bank, successor-in-interest by merger to First Chatham Bank

|  |  |
|---|---|
| In re:<br><br>JOHN CABARCAS and DAWN MARIE CABARCAS,<br><br>       Debtors. | UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY<br><br>Case Number: 25-23257-MBK<br><br>**LIMITED OBJECTION TO CONFIRMATION** |

Huntington National Bank (the "Bank"), successor-in-interest by merger and acquisition to Cadence Bank, successor-in-interest by merger and acquisition of First Chatham Bank, by and through its attorneys Maselli, Mills & Fornal, P.C., hereby provides a limited objection to confirmation of the current Chapter 13 Plan on the following grounds:

## FACTUAL & PROCEDURAL BACKGROUND

1. On May 21, 2021, John Cabarcas and Express-It, Co. (collectively, the "Borrowers") executed and delivered to the Bank a U.S. Small Business Administration Note (the "Note"), to evidence a loan (the "SBA Loan") in the amount of Six Hundred Forty Thousand Seven Hundred and 00/100 Dollars ($640,700.00), with variable interest accruing at the prime rate published in the Wall Street Journal, plus 2.75%, with initial monthly principal and interest of $7,113.08, and with the entire balance of principal, costs and fees due ten (10) years from the date of the Note.

2. On May 21, 2021, Dawn Marie Cabarcas (hereinafter the "Guarantor" and

collectively with John Cabarcas, the "Debtors") executed and delivered to the Bank an Unconditional Limited Guarantee (the "Guarantee") and thereby personally and unconditionally guaranteed the Borrowers' payment of the full amount of the indebtedness of the SBA Loan and full performance of the Borrowers' obligations under the Note.

3.      On May 21, 2021, to secure the obligation evidenced by the SBA Loan, the Debtors executed and delivered to the Bank a Mortgage (the "Mortgage") on property commonly known as 8 Azalea Lane, Somerset, New Jersey 08873 (the Mortgaged Property").

4.      The Mortgage was a second mortgage on the Mortgaged Property and was recorded June 2, 2021 in the office of the Somerset County Clerk in Book 7349, Page 817.

5.      Express-It, Co. closed in October 2023 and the Borrowers ceased making payments to the Bank on the SBA Loan.

6.      On January 25, 2024, the Bank filed a mortgage foreclosure action (the "Foreclosure") to enforce its rights in the Mortgage.

7.      On January 21, 2025, the Court entered a Final Judgment in favor of the Bank and against the Foreclosure Defendants in the amount of $613,807.59 together with interest at 11.25% on the sum of $538,244.27 from December 2, 2024 to the date of judgment and lawful interest on the full judgment amount thereafter, together with costs of this suit to be taxed including a counsel fee of $6,288.07, and to be raised and paid in the first place out of the Mortgaged Property.

8.      A sheriff sale for the Mortgaged Property was initially scheduled for April 29, 2025 and adjourned by the Debtors until June 24, 2025.

9.      On June 19, 2025, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "First Bankruptcy").

10. On October 8, 2025, the Court entered a Chapter 13 Standing Trustee Pre-Confirmation Order of Dismissal, dismissing the First Bankruptcy for the Debtors' failure to, among other things, provide required documents to the Chapter 13 Trustee and generally prosecute the case.

11. A sheriff sale for the Mortgaged Property was then scheduled for December 16, 2025.

12. On December 15, 2025, the Debtors filed this petition for relief under Chapter 13 of the Bankruptcy Code.

13. On February 18, 2026, the Bank filed a motion seeking relief from the automatic stay to reschedule the sheriff sale of the Mortgaged Property. The hearing on the stay relief motion was scheduled for March 25, 2026.

14. On March 25, 2026, the Court entered an Order Granting Motion for Relief from Stay, waiving the 14-day period for stay relief pursuant to FBRP 4001(a)(3) and allowing the Bank to reschedule its sheriff sale of the Mortgaged Property.

15. On May 26, 2026, the Debtors filed their currently proposed Chapter 13 Plan (the "Modified Plan").

16. Since the Modified Plan does not provide for full payment of the Bank's secured claim, it fails to comply with 11 U.S.C. § 1322.

17. Since the Modified Plan relies on the sale of the Property, an event that is remote and speculative at this juncture, the Modified Plan is not feasible and fails to comply with 11 U.S.C. § 1325.

18. The Bank acknowledges that there have been recent confidential settlement

negotiations related to a sale of the Property in lieu of a sheriff sale.

19. However, there is no equity in the Property or value for the estate and, therefore, the Modified Plan is wholly unnecessary as the parties can address these issues in state court.

20. Pursuant to the Court's March 25, 2026 Order, the Bank has been granted stay relief and nothing within the Modified Plan or otherwise shall reinstate or compel stay relief in favor of the Debtors. The Bank objects to any application of the Debtor through the Modified Plan or separate motion to reinstate the stay.

21. The Debtor has previously made promises of adequate protection payments over their past bankruptcy filings but have not made any payments to the Bank since October 2023.

22. The Bank reserves its rights to continue to proceed with its sheriff sale unless there is a formal agreement between the Bank and the Debtors pursuant to forms acceptable to the Bank.

23. For the foregoing reasons, the Bank respectfully requests that this Court deny confirmation of the Plan.

MASELLI, MILLS & FORNAL, P.C.
*Attorneys for Huntington National Bank*

Dated: June 3, 2026

BY:   */s/ Philip Galanaugh*
PHILIP GALANAUGH